IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRYETT O. WOODS,<br><br>                Plaintiff,<br>v.<br><br>THE PEOPLE,<br><br>                Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00543-CW-CMR<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Cecilia M. Romero |

      This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). Plaintiff Terryett O. Woods (Plaintiff) is *pro se* and has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF 2). Because Plaintiff is acting *pro se*, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pursuant to Local Rule 3-2(c), the undersigned recommends that the court dismiss Plaintiff's complaint (ECF 3) as frivolous and for failing to state a claim upon which relief may be granted.

      A magistrate judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(c). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of

sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327.  To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id.*; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016).  A complaint is factually frivolous when its factual allegations are "clearly baseless," a classification encompassing allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Plaintiff's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that the complaint contain facially plausible claims.

Plaintiff's complaint contains a host of inflammatory and explicit accusations mostly relating to her personal relationships.  These range from unnamed individuals being sent to fight her in Las Vegas, promoting drug dealers and criminals, and attacking the social security office in downtown Salt Lake City (ECF 3, at 2-3).  Other accusations are leveled at United States presidents, celebrities, and American society as a whole, for losing her entire family, no church

having helped her, being a called a man, being used as a pawn for relationships and as a travel guide, and being brainwashed and stalked (ECF 3, at 4-5, 10). She complains generally of bullies and of everyone getting rich off of her and requests to be single and to have no one tell her what to do (ECF 3, at 6-7, 15). In short, Plaintiff's complaint is frivolous. There is no way to interpret these assertions, along with the cadre of others she makes, even under the most liberal construction possibly afforded a *pro se* plaintiff. The complaint centers on baseless assertions of conspiracy and is a collection of factual allegations that are fanciful, fantastic, and delusional.

The Tenth Circuit has explained that a court "should dismiss with leave to amend … if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief." *Brever v. Rockewell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. (1994) (citation and quotations omitted). However, a court "may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint … if it is clear that the amendment would be futile." *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (citation and quotations omitted). Such is the case here. Under any reading of Plaintiff's factual assertions, it is clear that any amendment would be futile.

For these reasons, the court should dismiss Plaintiff's complaint as frivolous and for failing to state a claim upon which relief may be granted.

## RECOMMENDATION

Consistent with DUCivR 3-2(c) and under 28 U.S.C. § 1915, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10 January 2020.

*/s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah